UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
**LAREDO**

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )      Criminal Action No.
                               )           5:11-CR-1335
v.                             )            (13-CV-65)
                               )
MARCO VINICIO MENDEZ-MORENO,   )
                               )
        Defendant.             )      **MEMORANDUM OPINION and ORDER**

\*\*    \*\*    \*\*    \*\*    \*\*

Marco Vinicio Mendez-Moreno (Mendez) seeks relief from a judgment of conviction and sentence pursuant to 28 U.S.C. § 2255 [DE 44]. The Government has filed a motion for summary judgment in accord with Mendez's plea agreement or, in the alternative, to dismiss [DEs 54-56] to which Mendez has submitted a reply [DE 57]. The matter is ripe for consideration.

I.

JURISDICTION

Mendez timely challenges the judgment of conviction and sentence imposed by this Court on May 12, 2012, and entered by the District Clerk on May 24, 2012 [D.E. 41]. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2255.

II.

STATEMENT OF THE CASE

A. Course Of Proceedings And Prior Disposition.

Mendez was named in a three-count indictment on December 6, 2011 which charged, in Count One, that on November 12, 2011, Mendez knowingly and intentionally conspired and agreed with persons, known and unknown to the Grand Jurors, to possess with intent to distribute a quantity of 100 grams or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 846(a)(1) and 841(b)(1)(B).   Count Two: Mendez, did knowingly and intentionally possess with intent to distribute a quantity of 100 grams or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.   Count Three: Mendez did knowingly and intentionally import into the United States, from the Republic of Mexico, a quantity of 100 grams or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 952(a), 960(b)(2) and 18 U.S.C. § 2. (PSR ¶ 1.)

On January 4, 2012, as a result of the lab report, which determined that the drugs seized in the offense were actually cocaine, a three count Superseding Criminal Indictment was returned by a Federal Grand Jury in the Laredo Division.   The Superseding Indictment charged that on or about November 12, 2011, in the Southern District of Texas, Mendez on November 12, 2011, Mendez knowingly and intentionally conspired and agreed with persons, known and unknown to the Grand Jurors, to possess with intent to distribute a quantity of 500 grams or more of

cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 846(a)(1) and 841(b)(1)(B).   Count Two: Mendez, did knowingly and intentionally possess with intent to distribute a quantity of 500 grams or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. Count Three: Mendez did knowingly and intentionally import into the United States, from the Republic of Mexico, a quantity of 500 grams or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 952(a), 960(b)(2) and 18 U.S.C. § 2. (PSR ¶ 2.)

On February 6, 2013, Mendez entered a guilty plea to Count Two of the Superseding Indictment.   In return for his guilty plea and pursuant to a written plea agreement under Rule 11(c)(1)(A) and 11(c)(1)(B), Mendez agreed to waive his right to appeal his sentence and any post-conviction collateral attacks. In return, the Government agreed: to move the Court to dismiss any remaining counts of the Indictment at the time of sentencing; not oppose Mendez's anticipated request to the Court and the U.S. Probation Office that he receive a two-level downward adjustment for acceptance of responsibility; move that the Court grant Mendez an additional one level reduction for acceptance of responsibility if Mendez's guideline offense level prior to the application of U.S.S.G. §3E1.1(a) is 16 or higher. (PSR ¶ 4.)

B. Statement of facts underlying the conviction.

Offense Conduct.

On November 12, 2011, Mendez, a national and citizen of Guatemala, attempted to make entry into the United States via the International Port of Entry, Bridge No. 2 in Laredo, Texas, as a passenger in a commercial bus [DE 52 at 32].  An X-Ray inspection revealed anomalies in Mendez's shoes and containment bag.  A canine alerted on the shoes in the bag as well as the shoes on Mendez's feet.  The soles were separated from both pair of shoes and they were both found to contain cocaine. Each shoe contained three small packages for a total of 12 packages of cocaine with a total weight of 839 grams. Advised of his rights, and a waiver thereof, Mendez stated he was traveling from Guatemala to Atlanta, Georgia, and he had received the shoes from an unknown male named Gotto.  Mendez, in response to the Court's query, testified that the factual basis presented by the prosecutor was correct, and further testified that he knew that the shoes contained narcotics in them [DE 52 at 34].  He was told he would be paid $2,000 for transferring the cocaine [DE 52 at 32].

C. Sentence.

On May 21, 2012, this Court, the undersigned sitting by designation, sentenced Mendez 37 months in the custody of the U.S. Bureau of Prisons, a 2 year supervised release term, and a

special assessment of $100. In accord with his Plea Agreement, Mendez did not appeal.

### III. MOTION FOR SPECIFIC ENFORCEMENT OF THE PLEA AGREEMENT

Mendez voluntarily, knowingly and intelligently, waived his right to collaterally attack his conviction and sentence. Mendez entered into a plea agreement [DE 32] which provided that in exchange for certain recommendations pertaining to his sentence, he agreed to a broad and unequivocal waiver of appeal, and waiver of collateral relief [DE 32 at p. 4, ¶ 7].

Federal courts in the Fifth Circuit conduct a two-step inquiry in determining whether a collateral attack of a sentence is barred by a waiver provision in a plea agreement: (1) whether the waiver was knowing and voluntary; and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *See United States v. McKinney*, 406 F.3d 744, 746-47 (5th Cir. 2005); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Under this test, Mendez waived his right to file a § 2255 motion collaterally attacking her sentence – and he may not escape the bargain to which he knowingly and voluntarily agreed.

In his plea agreement, Mendez waived his right to appeal and to file a § 2255motion. The waiver provision in the Plea Agreement is stated as follows:

> 7. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the conviction, the sentence imposed or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

[DE 32 at p. 4, ¶ 7].

Moreover, if the record "clearly indicates that a defendant has read and understands his plea agreement . . . the defendant will be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). Specifically, in regard to appellate waivers, the Fifth Circuit has held that an informed and voluntary appellate waiver will be enforced. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). A district court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Here, the record of the rearraignment [DE 52] clearly indicates that Mendez had read and understood his plea agreement and that he responded to the Court's questions affirmatively indicating that he entered into his plea agreement knowingly, intelligently and voluntarily.

Evidence of his sworn statements in court clearly demonstrate the nature of the constitutional protection he was waiving and the charges against him – such that his plea is a valid admission of guilt. *See James*, 56 F.3d at 666. Mendez's statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampaziane,* 431 U.S. 63, 74 (1977). The Fifth Circuit affords great weight to a defendant's statement at the plea colloquy. *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).

Additionally, and notwithstanding the foregoing, Mendez, notably, does not challenge the knowing or voluntariness of his Plea Agreement – and the waiver contained therein – anywhere in his § 2255 motion. In fact, Mendez does not mention the plea agreement or the waiver at all.  Mendez shall be held to the bargain to which he voluntarily and knowingly agreed since there is no impediment to the specific enforcement of the Plea Agreement's waiver in terms of its application to all of Mendez's claims.

The record supports the conclusion that:

(a) the Plea Agreement and waiver were knowing and voluntary;

(b) the waiver provision of the Plea Agreement is enforceable and supports the Government's motion for summary judgment; and,

(c)   precludes Mendez from bringing all of the grounds in his motion.

Accordingly, the Government's motion for summary judgment shall be, and the same hereby is, **GRANTED.**

A separate judgment in accordance herewith shall this date be entered.

This the 30th day of July, 2013.

Signed By:

_Joseph M. Hood_

Senior U.S. District Judge